Leonard M. Shulman - Bar No. 126349
Melissa Davis Lowe - Bar No. 245521
Max Casal - Bar No. 342716
**SHULMAN BASTIAN FRIEDMAN & BUI LLP**
100 Spectrum Center Drive, Suite 600
Irvine, California 92618
Telephone:    (949) 340-3400
Facsimile:    (949) 340-3000
Email:    LShulman@shulmanbastian.com
    MLowe@shulmanbastian.com
    MCasal@shulmanbastian.com

Attorneys for Lexington National Insurance Corporation, Assignee of Subchapter V Trustee

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

| | |
|---|---|
| In re<br>**POWER BAIL BONDS, INC.,**<br>    Debtor.<br><br>**LEXINGTON NATIONAL INSURANCE CORPORATION, a Florida corporation,**<br>    Plaintiff.<br>v.<br>**BLUEVINE, INC.,**<br>**a Delaware Corporation,**<br>    Defendant. | Case No. 6:20-bk-14155-SY<br><br>Chapter 11, Subchapter V<br><br>**COMPLAINT FOR:**<br><br>1. **AVOIDANCE OF PREFERENTIAL TRANSFERS AND RECOVERY OF SAME [11 U.S.C. §§ 547, 550];**<br><br>2. **PRESERVATION OF AVOIDED TRANSFERS [11 U.S.C. § 551];**<br><br>3. **DISALLOWANCE OF CLAIMS [11 U.S.C. § 502(d)]** |

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6239-002/11 Complaint.docx

1

Lexington National Insurance Corporation, a Florida corporation ("Plaintiff"), as assignee of Caroline R. Djang, the Subchapter V trustee (the "Trustee") for the bankruptcy estate of Power Bail Bonds, Inc. ("Debtor"), hereby brings this Complaint against BlueVine, Inc. ("Defendant") and respectfully complains and alleges as follows:

### I.  STATEMENT OF JURISDICTION AND VENUE

1. This adversary proceeding is filed pursuant to Federal Rule of Bankruptcy Procedure 7001(1) (a proceeding to recover money or property).

2. Plaintiff, as assignee of the Subchapter V trustee in possession, has standing to bring this action under 11 U.S.C. §§ 323, 547, 548, 550, and 551.

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 in that this proceeding arises in and is related to the bankruptcy case pending in the United States Bankruptcy Court of the Central District of California, Riverside Division entitled In re Power Bail Bonds, Inc., Case No. 6:20-bk-14155-SY on the Court's docket.

4. This action is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) (matters concerning the administration of the estate) and (b)(2)(F) (proceedings to determine, avoid, or recover preferences). To the extent any related claims are determined not to be a core proceeding, Plaintiff consents to an entry of final judgment and orders by the Bankruptcy Court.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1409(a), as this adversary proceeding arises under Title 11, or arises under or relates to a case under Title 11, which is pending in this District and does not involve a consumer debt less than $22,700.

### II.  PARTIES

6. The Debtor filed a Chapter 11, Subchapter V, bankruptcy petition on June 15, 2020 ("Petition Date").

7. The Trustee was appointed as the Subchapter V trustee on June 18, 2020.

8. Pursuant to an order entered by this Court on October 23, 2020, the Debtor was removed as debtor-in-possession and the Trustee was named as a Subchapter V Trustee-in-Possession with all the rights and duties set forth in 11 U.S.C. § 1183(b)(5).

///

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

2

6239-002/11 Complaint.docx

9.  On June 14, 2022, this Court entered an order approving the assignment of the Debtor's bankruptcy estate's ("Estate") avoidance actions to Plaintiff, including but not limited to all of the avoidance claims held by the Debtor's Estate under Sections 544, 547, 548, 550 and 551 of the Bankruptcy Code. The Plaintiff brings the claims asserted herein in that capacity.

10. Plaintiff is informed and believes and thereon alleges that Defendant is and was at all relevant times herein a Delaware corporation authorized to do business in the State of California, which conducted business with the Debtor prior to the Petition Date.

### III.  GENERAL ALLEGATIONS

11. The Debtor formerly conducted business as a bail bonds service and had been in business since 2014. The Debtor ceased writing new bail bonds as of May 2020 but was otherwise operating in the ordinary course of business post-petition, engaging in two areas: (1) claims, legal and recovery and (2) collection of accounts receivable.

12. Plaintiff is informed and believes and thereon alleges that at least as of June 1, 2019, the Debtor's financial condition was such that the sum of its debts was greater than all of its property at fair valuation, and that it was therefore insolvent pursuant to 11 U.S.C. § 101(32)(A). Plaintiff is informed and believes and thereon alleges that at least as of June 1, 2019, the Debtor's financial condition was such that it was unable to pay its debts as they came due in the ordinary course of business, and that it was therefore insolvent.

13. Plaintiff is informed and believes and thereon alleges that between March 17, 2020 and June 15, 2020 ("Preference Period"), many of the Debtor's creditors contacted the Debtor and demanded that their bills be paid.

14. Plaintiff is informed and believes and thereon alleges that during the Preference Period, the Debtor did not have sufficient funds to pay its debts as they became due, and fell behind on its payments to creditors.

15. Plaintiff is informed and believes and thereon alleges that during the Preference Period, Defendant received transfers from the Debtor in the form of payments in the total amount of $123,031.92 ("Preferential Transfers").

///

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

3

6239-002/11 Complaint.docx

16. Plaintiff is informed and believes and thereon alleges that the Preferential Transfers were made to or for the benefit of Defendant within ninety days of the Petition Date.

17. Plaintiff is informed and believes and thereon alleges that the Preferential Transfers satisfy the definition of "transfers" as that term is defined in 11 U.S.C. § 101(54).

18. Plaintiff is informed and believes that yet additional transfers may have been made to Defendant within the Insolvency Period or diverted from the Debtor for the benefit of Defendant. Plaintiff specifically reserves the right to amend this Complaint to allege additional transfers which may become known after further investigation and discovery is conducted.

## FIRST CLAIM FOR RELIEF

### Avoidance and Recovery of Preferential Transfers

### [11 U.S.C. §§ 547, 550]

19. Plaintiff hereby incorporates by reference paragraphs 1 through 18 and realleges these paragraphs as though set forth in full.

20. Plaintiff is informed and believes and based thereon alleges that within ninety (90) days of the Petition Date, the Debtor made the above-referenced Preferential Transfers to Defendant.

21. Plaintiff is informed and believes and based thereon alleges that the Preferential Transfers were made to or for the benefit of Defendant, a creditor of the Debtor.

22. Plaintiff is informed and believes and based thereon alleges that the Preferential Transfers were made for or on account of an antecedent debt owed by the Debtor before the Preferential Transfers were made.

23. Plaintiff is informed and believes and based thereon alleges that the Preferential Transfers were made while the Debtor was insolvent, as that term is defined by 11 U.S.C. § 101(32).

24. Plaintiff is informed and believes and based thereon alleges that the Preferential Transfers enabled Defendant to receive more than it would have received as a creditor if: (a) the Transfers had not been made; and (2) Defendant received payment of the debt it was owed to the extent provided under Title 11 of the United States Code.

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

4

6239-002/11 Complaint.docx

25. Plaintiff is informed and believes and based thereon alleges that interest on the Preferential Transfers has accrued and continues to accrue at the maximum legal rate pursuant to 28 U.S.C. § 1961 from the time the Preferential Transfers were made.

26. Based on the foregoing, Plaintiff may avoid the Preferential Transfers and recover the equivalent value of said Transfers for the benefit of the Estate from Defendant, for whose benefit the Preferential Transfers were made pursuant to 11 U.S.C. §§ 547 and 550.

## SECOND CLAIM FOR RELIEF

### Preservation of Avoided Transfers

### [11 U.S.C. § 551]

27. Plaintiff hereby incorporates by reference paragraphs 1 through 26 and realleges these paragraphs as though set forth in full.

28. Plaintiff is informed and believes that the Defendant received avoidable transfers (e.g. Preferential Transfers).

29. Pursuant to 11 U.S.C. § 551, the Preferential Transfers are preserved for the benefit of the Estate.

## THIRD CLAIM FOR RELIEF

### Disallowance of Claims by Defendant

### [11 U.S.C. § 502(d)]

30. Plaintiff hereby incorporates by reference paragraphs 1 through 29 and realleges these paragraphs as though set forth in full.

31. Defendant is an entity from which property is recoverable under 11 U.S.C. § 550 and Defendant received an avoidable transfer under 11 U.S.C. § 547.

32. Defendant has not paid the amount or turned over any such property for which the Defendant is liable under 11 U.S.C. §522(i), 542, 543, 544, 550, and 553 of the Bankruptcy Code.

33. Pursuant to 11 U.S.C. §502(d), to the extent Defendant files a claim against the Debtor's Estate, such claim should be disallowed.

///

///

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

5

6239-002/11 Complaint.docx

**WHEREFORE**, Plaintiff prays for Judgment against Defendant as follows:

1. That the Preferential Transfers identified herein are avoided as preferential transfers under 11 U.S.C. § 547;

2. That Plaintiff shall recover from Defendant or any immediate or mediate transferee of Defendant the Preferential Transfers and any other avoided transfers discovered after the date of this Complaint under 11 U.S.C. § 550;

3. For the value of the Preferential Transfers, together with interest thereon at the legal rate from the date of each of the Preferential Transfers;

4. That the Preferential Transfers are avoided and shall be preserved for the benefit of the Estate pursuant to 11 U.S.C. § 551;

5. That if Defendant fails or refuses to turn over the Preferential Transfers and/or the value of such Preferential Transfers to Plaintiff, any claim of Defendant shall be disallowed pursuant to 11 U.S.C. § 502(d);

6. For costs of suit incurred herein, including attorneys' fees and costs as provided by applicable case law, statute and/or agreement of the parties; and

7. For such other and further relief as the Court may deem just and proper under the circumstances of this case.

**SHULMAN BASTIAN FRIEDMAN & BUI LLP**

DATED: June 14, 2022      By:      /s/ Melissa Davis Lowe
Leonard M. Shulman
Melissa Davis Lowe
Max Casal
Attorneys for Lexington National Insurance Corporation, Assignee of Subchapter V Trustee

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6

6239-002/11 Complaint.docx

B1040 (FORM 1040) (12/15)

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>LEXINGTON NATIONAL INSURANCE CORPORATION, a Florida corporation | **DEFENDANTS**<br>BLUEVINE, INC.,<br>a Delaware Corporation |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Leonard M. Shulman - Bar No. 126349<br>Melissa Davis Lowe - Bar No. 245521<br>Max Casal – Bar No. 342716<br>SHULMAN BASTIAN FRIEDMAN & BUI LLP<br>100 Spectrum Center Drive, Suite 600<br>Irvine, California 92618<br>Telephone: (949) 340-3400 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee<br>☐ Creditor   ☒ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee<br>☒ Creditor   ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

COMPLAINT FOR: 1. AVOIDANCE OF PREFERENTIAL TRANSFERS AND RECOVERY OF SAME [11 U.S.C. §§ 547, 550]; 2. PRESERVATION OF AVOIDED TRANSFERS [11 U.S.C. § 551]; 3. DISALLOWANCE OF CLAIMS [11 U.S.C. § 502(d)]

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| | |
|---|---|
| **FRBP 7001(1) – Recovery of Money/Property**<br>☐ 11-Recovery of money/property - §542 turnover of property<br>[1] 12-Recovery of money/property - §547 preference<br>☐ 13-Recovery of money/property - §548 fraudulent transfer<br>☐ 14-Recovery of money/property - other | **FRBP 7001(6) – Dischargeability (continued)**<br>☐ 61-Dischargeability - §523(a)(5), domestic support<br>☐ 68-Dischargeability - §523(a)(6), willful and malicious injury<br>☐ 63-Dischargeability - §523(a)(8), student loan<br>☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation |
| **FRBP 7001(2) – Validity, Priority or Extent of Lien**<br>☐ 21-Validity, priority or extent of lien or other interest in property | ☐ 65-Dischargeability - other<br><br>**FRBP 7001(7) – Injunctive Relief**<br>☐ 71-Injunctive relief – imposition of stay<br>☐ 72-Injunctive relief – other |
| **FRBP 7001(3) – Approval of Sale of Property**<br>☐ 31-Approval of sale of property of estate and of a co-owner - §363(h) | |
| **FRBP 7001(4) – Objection/Revocation of Discharge**<br>☐ 41-Objection / revocation of discharge - §727(c),(d),(e) | **FRBP 7001(8) Subordination of Claim or Interest**<br>☐ 81-Subordination of claim or interest |
| **FRBP 7001(5) – Revocation of Confirmation**<br>☐ 51-Revocation of confirmation | **FRBP 7001(9) Declaratory Judgment**<br>☐ 91-Declaratory judgment |
| **FRBP 7001(6) – Dischargeability**<br>☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims<br>☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation,<br>    actual fraud<br>☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny<br>**(continued next column)** | **FRBP 7001(10) Determination of Removed Action**<br>☐ 01-Determination of removed claim or cause<br><br>**Other**<br>☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*<br>☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $    123,031.92 |
| Other Relief Sought<br>Disallowance of claims. | |

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>POWER BAIL BONDS, INC. ||| BANKRUPTCY CASE NO.<br>6:20-bk-14155-SY ||
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL DISTRICT || DIVISION OFFICE<br>RIVERSIDE | NAME OF JUDGE<br>HONORABLE SCOTT H. YUN |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Melissa Davis Lowe ||||
| DATE<br><br>June 14, 2022 ||| PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Melissa Davis Lowe |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form B1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.